## Fanti License

*Ivo V. Giannini*, for appellant.

*John J. Dempsey, Jr.*, for Commonwealth.

FLANNERY, J., November 3, 1948.—On the morning of January 1, 1948, at 2:30 a. m., appellant's car, proceeding south on Shoemaker street, in the Borough of West Wyoming, collided with the automobile of one, Andrew Zaher, then and there proceeding north.

Pursuant to a hearing held before the Department of Revenue on June 8, 1948, in Wilkes-Barre, Pa., the Secretary of Revenue, under date of August 10, 1948, suspended for a period of three months the license issued to appellant, Rudy Fanti, and assigned as the

reason therefor, reckless driving. This is an appeal from that suspension.

It is the duty of the court, on an appeal from a suspension:

". . . to set the matter down for hearing . . . to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license, . . ." The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §193.

In pursuance to the code, a hearing was had and extensive testimony taken. After hearing the witnesses and reviewing the record we can come to only one conclusion: the appeal must be sustained.

In behalf of the department there appeared Andrew Zaher, the other party to the collision. On behalf of appellant he appeared in propria persona and was corroborated by William R. Pucalsky, a member of the Pennsylvania State police. It appears that on the morning in question these cars approached from opposite directions on a highway just wide enough to accommodate comfortably three cars—"twenty-four, twenty-five feet." Unfortunately there were cars parked at the curb on each side and when both tried to get through the accident was inevitable.

By stipulation it is agreed that by local regulation it is lawful to park on the west side of Shoemaker avenue, West Wyoming, at the point in question but illegal to park there on the east side.

The dilemma in which these motorists found themselves was occasioned by the illegal parking of an unknown offender. Confronted with this emergency either or both may have failed to use the best possible judgment and that failure may have been negligence but it is not reckless driving and, accordingly, appellant must prevail.

Appeal sustained and the suspension is remitted.